**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 10-23444-CIV-GRAHAM/GOODMAN**

GOLD COAST CHRISTIAN
MINISTRIES d/b/a GRACE
CHURCH OF KENDALL,

      Plaintiff,

vs.

GUIDEONE ELITE
INSURANCE COMPANY,

      Defendant.

_____/

## ORDER ON DISCOVERY DISPUTE

This Cause is before the Court in connection with a discovery dispute which the parties scheduled for a hearing on September 1, 2011, pursuant to the District Court's discovery procedures.

In a cover letter outlining the issues to be addressed at the hearing, Plaintiff listed five separate matters.  But as explained at the hearing, this Court has jurisdiction/authority to rule on only two of them.  The other three matters relate to alleged violations of the District Court's trial scheduling order and are not technically discovery issues.  Moreover, the relief Plaintiff seeks for those three matters are more appropriately addressed by the District Court, not the Undersigned.  For example, although the Undersigned could enter a report and recommendation that the district court grant a request to strike an expert witness for trial purposes, the district court would be able to enter the actual order providing relief (assuming that such relief is warranted, an issue on which this Court does not take a position).

Concerning Plaintiff's request that Defendant be compelled to respond to expert interrogatories and other expert discovery, defense counsel advised at the hearing that he already mailed out the discovery.  Nevertheless, in order to generate a clear record, the Court orders Defendant to produce the requested expert witness discovery by September 8, 2011 (i.e., one week from the hearing).

The remaining issue concerns Defendant's work product assertion to documents in its file.

Defendant, an insurance carrier, may assert work product privilege for documents created after it denies a claim.  Phrased differently, there is no blanket work product protection for all documents in an insurer's claim file, and federal courts have held that there is a rebuttable presumption that all documents prepared *before* an insurer denies a claim are <u>not</u> work product.  *Atrium on the Ocean II Condo, Ass'n v. QBE Ins. Corp.,* No. 06-14326-CV, 2007 WL 2972937 (S.D. Fla. Oct. 9, 2007);  *1550 Brickell Assocs. v. QBE Ins. Co.,* 253 F.R.D. 697, 698 (S.D. Fla. 2008) (adopting presumption and concluding that none of the documents prepared by the insurer before the lawsuit was filed are work product because the carrier never denied the claim).  *See generally Harper v. Auto-Owners Ins. Co.*, 138 F.R.D. 655 (S.D. Ind. 1991) (a document produced by an insurer "to evaluate an insured's claim in order to arrive at a claims decision in the ordinary and regular course of business is not work product regardless of the fact that it was produced after litigation was reasonably anticipated").

Plaintiff filed its lawsuit in state court on August 10, 2010.  Defendant received notice of the action on August 23, 2010 and filed its removal notice in this Court on September 23, 2010.  (DE# 1.)

Defendant argues that it is entitled to assert work product protection as of December 18, 2009, the date of a civil remedy notice filed by Plaintiff.  Alternatively, Defendant urges the Court to use March 31, 2010 as the starting date for work product protection because that is the denial date.

Plaintiff, on the other hand, contends that August 23, 2010, the date Defendant learned of the lawsuit, is the critical date for calculating the work product claim. Plaintiff contends that the defendant insurance carrier never denied this claim and that the civil remedy notice is merely an administrative step which does not necessarily indicate that litigation is imminent.

At the Court's direction, Plaintiff filed three exhibits after the hearing.  (DE# 45.)

The Court has examined the March 31, 2010 letter and agrees with Plaintiff that it does not constitute a denial of *this* claim.  Instead, it concerns a separate claim involving sinkhole activity, not damage alleged to have been caused by Hurricane Wilma – the scenario and claim at issue in the instant case.

The civil remedy notice, dated December 18, 2009, is not the type of document which would trigger work product protection for an insurance carrier.  Instead, it is merely a complaint submitted to a regulator and is not sufficient to rebut the *Harper* presumption. *Cf. 1550 Brickell Assocs.,* 253 F.R.D. at 699 (explaining that affidavit from insurance carrier representative about possible litigation after a hurricane was insufficient to rebut the presumption). Indeed, Plaintiff did not file this lawsuit until August 2010, approximately six months after the notice was issued.

Therefore, work product protection did not begin until August 23, 2010, the day Defendant learned of the lawsuit.

The Defendant insurance carrier also argued that documents concerning the amount of a loss reserve and other unspecified "notes" from an adjuster or claims examiner are exempt from discovery. But defense counsel candidly conceded at the hearing that he knows of no case law or other authority which supports this theory or distinction. Moreover, Defendant has not called the Court's attention to any documents, other than the civil remedy notice, to rebut the presumption that the before-denial-of-the claim/after-denial-of-the-claim standard is not appropriate, and it has not otherwise met its burden of establishing work product protection for documents created before August 23, 2010. *Milinazzo v. State Farm Ins. Co.*, 247 F.R.D. 691 (S.D. Fla. 2007).

Defendant shall by September 9, 2011 produce all responsive documents from its claim file which were created before August 23, 2010, but Defendant may maintain its work product protection claim for documents created after that date.

**DONE AND ORDERED** in Chambers, at Miami, Florida, this 6th day of September, 2011.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**

Hon. Donald L. Graham

Counsel of Record